UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BAO CHANG,<br><br>              Plaintiff,<br><br>      v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>              Defendant. | Case No. C10-1637-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Bao Chang, seeks review of the denial of her Supplemental Security Income and Disability Insurance Benefits applications. Ms. Chang contends the ALJ's finding that she could perform her past work as a small product assembler is erroneous for two reasons. First, the ALJ did not make sufficient findings regarding the demands of Ms. Chang's past work as required by Social Security Ruling 82-62. Second, the ALJ failed to consider evidence regarding Ms. Chang's hearing loss which showed she could not perform her past work. Ms. Chang also contends the ALJ erred by failing to properly consider Dr. Steve Haney's opinion that she lacks the ability to maintain regular work attendance due to depression. As discussed below, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings.

REPORT AND RECOMMENDATION - 1

# FACTUAL AND PROCEDURAL HISTORY

Ms. Chang is currently 39 years old and has past work assembling door handles.[1] On February 25, 2008, she applied for benefits, alleging disability as of December 25, 2000.[2] Her application was denied initially and on reconsideration.[3] The ALJ conducted a hearing on January 1, 2005 and found Ms. Chang not disabled. Tr. 14. As the Appeals Council denied Ms. Chang's request for review, the ALJ's decision is the commissioner's final decision. Tr. 1.

# THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[4] the ALJ made the following findings:

**Step one:** Ms. Chang has not worked since August 1, 2001. Tr. 19.

**Step two:** Ms. Chang has the following severe impairments: hearing loss and depression. *Id*.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[5]

**Residual Functional Capacity:** Ms. Chang has the RFC to perform a full range of work at all exertional levels but with nonexertional limitations. Due to hearing loss, she should not work in an environment requiring effective communication to perform the work or task and is limited to occasional communication with coworkers or supervisors. She should not work around dangerous machinery or at heights. She has the mental ability to adequately understand, remember and carry out simple two to three step instructions. She has average ability to perform sustained work activities (i.e., can maintain attention and concentration; persistence and pace) in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent schedule) within customary tolerances of employer rules regarding sick leave and absence. She can make simple work-related decisions; respond appropriately to supervision, a few co-workers; and deal with changes, all within a stable work environment. She cannot deal with the general public in a sales position. Tr. 21.

---

[1] Tr. 132, 211, 264
[2] Tr. 140, 142.
[3] Tr. 79, 82, 87, 90.
[4] 20 C.F.R. §§ 404.1520, 416.920.
[5] 20 C.F.R. Part 404, Subpart P. Appendix 1.

REPORT AND RECOMMENDATION - 2

**Step four:** Ms. Chang can perform her past work and has not been under disability from August 1, 2000 to the date of the decision.  Tr. 25.

## DISCUSSION

**A.   The ALJ's step four determination that Ms. Chang could perform her past relevant work as a small products assembler**

Ms. Chang contends the ALJ erred at step four in finding she could perform her past work as a small product assembler.  At step four, a claimant must establish[6] that her severe impairment or impairments prevent her from doing past relevant work.  *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001).  To determine whether a claimant has the RFC to perform her past relevant work, the ALJ must evaluate the work demands of the past relevant work and compare them to the claimant's present capacity.  *Villa v. Heckler*, 797 F.2d 794, 797-98 (9th Cir. 1986).  Social Security Ruling ("SSR") 82-62 states a determination that a claimant has the capacity to perform a past relevant job must contain the following specific findings: (1) a finding of fact as to the claimant's RFC; (2) a finding of fact as to the physical and mental demands of the past job or occupation; and (3) a finding of fact that the claimant's RFC permits him to return to the past job or occupation.  *See* SSR 82-62; *see also Pinto*, 249 F.3d at 844-45.

**1.  The ALJ's compliance with SSR 82-62**

As noted above, to determine whether Ms. Chang had the RFC to perform her past work, the ALJ was required to evaluate the work demands of her past relevant work and compare them to her present RFC.  Ms. Chang argues the ALJ failed to do so by not making sufficient findings regarding the demands of her past work as required by Social Security Ruling 82-62.  Dkt. 17 at 6.  Specifically, she claims the ALJ did not consider "what type of hearing and communication were required in this [past] job."  Dkt. 22 at 4.

---

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e).

REPORT AND RECOMMENDATION - 3

The record shows Ms. Chang submitted a disability report indicating she cannot speak English, and that she worked assembling doors in a factory setting from 1992 to 2000. Her specific task was to paint door knobs while seated at a work bench. Ms. Chang indicated her past work did not require technical knowledge or skills, writing or typing, or supervising other people. Tr. 163-64. At the hearing before the ALJ, a vocational expert testified Ms. Chang's past work fell under the category of small product assembler and that Ms. Chang retained the ability to perform her past job although she lacks any English language skills. Tr. 51- 52.

The ALJ found Ms. Chang could perform her past work, citing to Ms. Chang's disability report and the vocational expert's testimony. Tr. 25. The ALJ concluded: "In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as generally performed." *Id.* The record shows the ALJ properly considered the communication demands of Ms. Chang's past work in assessing whether she retained the ability to perform that work. The ALJ cited to Ms. Chang's disability report which shows although she cannot speak English, she worked assembling doors for 8 years. In addition, the vocational expert testified that Ms. Chang retained the ability to perform her past work despite her lack of English language skills.

However, the record does not show the ALJ properly considered the auditory demands of Ms. Chang's past work in assessing whether she still could perform that work. A finding that a claimant is able to return to her past relevant work must be based on adequate documentation and a careful appraisal. *Dealmeida v. Bowen*, 699 F.Supp. 806, 807 (N.D.Cal. 1988) ("Without the proper foundation as to what plaintiff's past relevant work entailed, the ALJ's subsequent determination that plaintiff retained the residual functional capacity to perform that job is not supported by substantial evidence."). This determination requires a careful appraisal of the

REPORT AND RECOMMENDATION - 4

1  claimant's statements, the medical evidence, and, in some cases, corroborative information such
2  as the Dictionary of Occupational Titles ("DOT").  SSR 82-62.
3  　　　Neither Ms. Chang's disability report nor the vocational expert fleshed out the auditory
4  demands of her past work.  While Ms. Chang's disability report shows her inability to
5  communicate in English was not a barrier to performing her past work, it is silent on what role, if
6  any, hearing played in performing that work.  Similarly, while the vocational expert testified Ms.
7  Chang could perform her past work without English language skills, he gave no opinions about
8  whether she could perform her past work if she had auditory limitations.
9  　　　Additionally, the vocational expert's opinions were limited by the scope of the
10 hypothetical questions he was presented.  An ALJ posing a hypothetical question to a vocational
11 expert "must set out all the limitations and restrictions of the particular claimant."  *Magallanes v.*
12 *Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).  The ALJ found Ms. Chang had the RFC to perform
13 the full range of work subject to a number of limitations including hearing.  The vocational
14 expert was asked what impact Ms. Chang's inability to speak English had on her ability to
15 perform her past work.  But the expert was never asked what impact, if any, Ms. Chang's hearing
16 loss had on her ability to perform her past work.  As the hypothetical questions posed to the
17 expert failed to reflect Ms. Chang's hearing limitations, the expert's testimony has no evidentiary
18 value to support a finding that Ms. Chang can perform her past work.  *See Matthews v. Shalala*,
19 10 F.3d 678, 681 (9th Cir. 1993).
20 　　　In sum, because the ALJ should have evaluated the specific functional requirements of
21 Ms. Chang's past work to determine whether her hearing impairment would affect her ability to
22 perform that work, and should have posed a hypothetical question to the expert that included Ms.
23 Chang's hearing loss, the Court concludes the ALJ erred.

REPORT AND RECOMMENDATION - 5

**2.  The ALJ's consideration of Ms. Chang's hearing loss**

Ms. Chang also contends the ALJ erred at step four by failing to consider evidence regarding her hearing loss which she claims shows she could not perform her past work.  The ALJ found Ms. Chang's hearing loss to be a severe impairment.  Tr. 19.  Exactly when Ms. Chang began having hearing problems is unclear but it appears she began to lose hearing sometime before 1992.[7]  Although Ms. Chang was already hearing impaired when she worked at a factory assembling doors between 1992 and 2000, she contends that after 2000, her ability to hear significantly decreased.  In light of this decrease, she argues the ALJ erred in finding she retained the ability to perform her past work.

While the parties agree Ms. Chang suffers from hearing loss, they disagree over the extent of that loss.  Ms. Chang acknowledges that "some doubts have been raised regarding the degree of Plaintiff's hearing loss" but argues the ALJ erred by essentially ignoring testing done after 2004 that she contends proves her hearing significantly worsened after 2000.  *Id.*

This argument is not entirely accurate.  On the one hand, the ALJ found at step two that Ms. Chang's hearing loss was a significant impairment citing to a January 2004 test showing bilateral hearing loss.  Tr. 19.  At step four, the ALJ discussed: Dr. Colin Romero's January 27, 2006 opinion that Ms. Chang had marked hearing loss; a February 22, 2006 note from Puget Sound Neighborhood Health Clinics clearing Ms. Change for a hearing aid; a December 6, 2006 state agency opinion noting hearing loss but finding the severity of the symptoms not consistent with Ms. Chang's medically determinable impairment; and a April 16, 2008 state agency opinion finding Ms. Chang's hearing loss to be non-severe.  Tr. 24-25.

---

[7] The date on which Ms. Chang's hearing loss began has been described as "since childhood" (Tr. 293), "since here youth" (Tr. 298), and "a 31 year old female who has experiencing an over 10 year history of hearing loss."  Tr. 340.

REPORT AND RECOMMENDATION - 6

1    On the other hand, the ALJ did not discuss Pacific Medical Center's February 20, 2006 hearing evaluation report that found Ms. Chang's suffered significant hearing loss since the evaluation the Center performed on January 2, 2004.  Tr. 348.  An ALJ can reject the uncontradicted opinion of a treating physician only by giving clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  An ALJ does this by providing a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation of the facts and evidence, and making findings.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

   Here, the ALJ relied on Pacific Medical's 2004 evaluation to find Ms. Chang's hearing loss was a severe impairment but did not mention or give any reason to reject Pacific Medical's 2006 hearing evaluation which appears to be uncontradicted medical evidence that Ms. Chang suffered significant hearing loss between 2004 and 2006.  This is problematic, here, because the ALJ did not evaluate the specific auditory requirements of Ms. Chang's past work and did not fully consider all of the medical evidence regarding whether Ms. Chang's hearing loss has progressed since 2000.

   Hence, as it is unclear what the auditory demands of Ms. Chang's past work are, and how much Ms. Chang's hearing loss has progressed, the proper foundation to determine whether Ms. Chang can still perform her past work is lacking.  The ALJ thus erred in finding Ms. Chang could still perform her past work.  This error is not harmless because the Court cannot say it is "inconsequential to the ultimate nondisability determination."  *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006).  This is not to say the record establishes Ms. Chang's hearing loss renders her disabled.  Rather, the extent of Ms. Chang's hearing loss and its impact on whether she can perform her past work, or any work, is properly left for the ALJ to determine.

REPORT AND RECOMMENDATION - 7

**B.     The ALJ's evaluation of Dr. Steve Haney's opinion**

The ALJ found Ms. Chang's depression to be a severe impairment. Tr. 20. The parties disagree whether the ALJ properly considered Dr. Steven Haney's, M.D. opinions about Ms. Chang's mental limitations. The ALJ stated the doctor found:

> the claimant had the mental capacity to understand and remember more than one or two step instructions. It was also found that she could maintain concentration to the extent that she could carry out more than one or two step instructions. Dr. Haney found that her depression with accompanying low energy would interfere with her ability to maintain regular attendance, and to persist through a normal work week. However, Dr. Haney stated this impairment was not so severe as to prevent her from being able to sustain more than one or two step instructions in a reasonably consistent manner. Additionally, it was found that she could interact appropriately with supervisors, coworkers, and the general public. Further, it was found that she was able to adjust to changes in the work place.

Tr. 24. Ms. Chang contends the ALJ failed to incorporate into her RFC, Dr. Haney's opinion that her depression would interfere with her ability to maintain regular attendance and persist through a normal workweek. Dkt. 22 at 7. This is significant, she argues, because the vocational expert testified that employees, such as Ms. Chang, would rarely be given sick leave in the first year of employment and that if she missed 4 hours of work each month due to depression, she would exceed the acceptable level of unscheduled absenteeism. Tr. 53.

The commissioner contends, while Dr. Haney opined Ms. Chang's depression would interfere with her work attendance, that limitation would not prevent her from performing more than one or two step instructions on a reasonably consistent basis. Dkt. 19 at 5. Based on this, the commissioner argues the ALJ limited Ms. Chang to work involving two to three step instructions and "with this restriction, the ALJ found Plaintiff had the average ability to sustain work within customary tolerances of employer rules regarding leave and absences." *Id.*

REPORT AND RECOMMENDATION - 8

This reading of Dr. Haney's opinion does not adequately capture all of the mental limitations assessed by Dr. Haney.  In the mental residual functional assessment portion of his report, Dr. Haney opined:

> She is able to maintain concentration to the extent that she could carry out more than one or two step instructions. Her depression with accompanying low energy would interfere with her ability to maintain regular attendance, and to persist through a normal work week. However, this impairment is not so severe that it would prevent her from being able to sustain more than one or two step instructions in a reasonably consistent manner.

Tr. 433.  It is plain to see that Dr. Haney's opinion has four components: (1) Ms. Chang can carry out more than one or two step instructions; (2) she can carry out more than one or two step instructions in a consistent manner; (3) her depression does not interfere with her ability to carry out more than one or two step instructions consistently; and (4) her depression interferes with her ability to maintain regular work attendance.

Had Dr. Haney stated in the last sentence of his opinion that Ms. Chang's "impairment is not so severe that it would prevent her from being able to sustain more than one or two step instructions in a reasonably consistent manner" **or from maintaining regular attendance, and to persist through a normal work week**, the commissioner's argument would make sense.  Instead Dr. Haney omitted Ms. Chang's ability to maintain work attendance from the sentence.  The Court thus finds nothing in Dr. Haney's opinion that supports the commissioner's reading of the opinion that limiting Ms. Chang to work involving two or three steps also addresses her problems with maintaining regular work attendance due to depression.  As such, the ALJ erred and on remand should reconsider the opinions of Dr. Haney.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be

REPORT AND RECOMMENDATION - 9

**REVERSED** and the case be **REMANDED** for further administrative proceedings. On remand, the ALJ should (1) reevaluate the medical opinion of Steven Haney, M.D. and develop the medical record as necessary; (2) reevaluate plaintiff's RFC in regards to her hearing limitations; and (3) reassess steps four and five of the sequential evaluation process with the assistance of a vocational expert if deemed appropriate.  A proposed order accompanies this Report and Recommendation.  A proposed order accompanies this Report and Recommendation.

DATED this 22nd day of April, 2011.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge